

1 Eric D. Houser, #130079
  J. Owen Campbell #229976
2 HOUSER & ALLISON, APC
  9970 Research Drive
3 Irvine, CA 92618
  Telephone:  (949) 679-1111
4 Facsimile:   (949) 679-1112
  Email:  ehouser@houser-law.com
5

6 Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 AURORA LOAN SERVICES LLC
   f/k/a AURORA LOAN SERVICES,          CASE NO.: CV 08-794-JFW (PJWx)
12 INC.

13                                      **STIPULATED PROTECTIVE**
                                        **ORDER**
14            Plaintiff,

15      vs.

16

17 MEGA CAPITAL FUNDING, INC.

18            Defendant.

19

20      Plaintiff, Aurora Loan Services LLC ("Plaintiff"), and Defendant, Mega

21 Capital Funding, Inc. ("Defendant"), by and through their respective

22

23 undersigned counsel, hereby stipulate to the following Protective Order and

24 request that this Court enter it in this case:

25      **IT IS HEREBY ORDERED THAT**

26

27      1.   The provisions of this Protective Order shall control the disclosure,

28

---

STIPULATED PROTECTIVE ORDER
1

F:\CIVIL\AURORA LOAN SERVICES\MEGA CAPITAL\(42045)\PLD\STIPULATED PROTECTIVE ORDER V2.DOC

dissemination, and use of Confidential Information, as herein defined, in this Litigation by all parties to the Litigation ("Parties"), as well as all such other persons or entities who agree to be bound by the provisions of this Protective Order, as more fully set forth herein (collectively referred to with the Parties as the "Covered Persons").

2.   Scope.   This Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, and deposition testimony, **which shall be known as the "Confidential Information." "Confidential Information" shall include, but not be limited to, any information, documents, or other data, whether tangible or in electronic and/or digital form (*i.e.*, generated, recorded, and/or stored on whatever media, including computers and network systems, and any form of drive, including thumb drives, CDs, DVDs, SANS, floppy drives, tapes, backup tapes, USB drives, and other similar external drives) that is produced to or exchanged between the Parties, and which has been designated as "Confidential Information," pursuant to this Protective Order.  As used in this Protective Order, "document" is defined as provided in Cal. Evid. Code section 250.  A draft or identical copy is a separate document within the meaning of this term.**

1

2   3.   <u>Designations</u>. The parties understand and agree that designated

3

4   "Confidential Information" implicated in this case, includes, without limitation,

5   documents, materials and/or information that may contain or refer to any one or

6   all of the following:

7

8   A.   information not generally available to or accessible by the

9   general public at the time the information or documents are produced, or

10

11   that is required to be kept confidential due to preexisting obligations,

12   including contractual obligations, or that if disclosed would tend to

13

14   damage the disclosing person or entity's competitive position; or

15   B.   any of the parties' sensitive business or technical

16   information, trade secrets, confidential research, development, business

17

18   plans, new business development, proprietary information, competitor

19   market analysis,  internal financial accounting information, or other

20

21   technical, policy, or commercial information, and that, if disclosed to a

22   business competitor, would provide a significant advantage to the party's

23

24   competitors; or

25   C.   the identity of specific borrowers or personal and financial

26   information of specific borrowers that is or may be subject to additional

27

28

---

STIPULATED PROTECTIVE ORDER
3

nondisclosure protections under applicable provisions of federal, state, and/or common law.

4.   <u>Marking Confidential Information.</u>   All Confidential Information shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL." In the event that documents are produced electronically, they can be designated either by imprinting the appropriate notice or by any party producing a log indicating what information, data or documents are to be treated with the appropriate designation.   All answers to interrogatories and responses to requests for admissions that contain Confidential Information shall be prefaced with the appropriate designation, and all pages thereof containing such Confidential Information shall be marked with the appropriate designation. All information conveyed or discussed in testimony at a deposition or a court proceeding for which Confidential Information status is claimed shall be so designated, orally on the record whenever possible, at the time the testimony is given or hearing is conducted or, in the case of a deposition, no later than thirty (30) days after receipt of the deposition transcript by the designating party or entity.   Prior to the expiration of such thirty-day period, all deposition testimony shall be deemed "Confidential Information." If, within such thirty-day period, the designating person or entity has not designated orally on the record or in writing any portions of the deposition, hearing, or the

information discussed at such with Confidential Information status, Covered Persons shall be permitted to used such transcripts and information discussed therein free from the restrictions of this Protective Order.   All portions of deposition testimony or hearing transcripts in which Confidential Information is used or discussed and that is designated with a Confidential Information status shall be treated with the protections afforded such information, as set forth herein.

5.     Later Designations of Confidential Information. The disclosure, exchange, or production of Confidential Information that inadvertently was not designated as such shall not constitute a waiver of the protections afforded such document or information.     Any information or documents not initially designated with the Confidential Information status may be so designated at a later time, in writing to the Parties.   In such event, the Parties receiving the Confidential Information shall make reasonable efforts to obtain the agreement of the person or entities to whom disclosure of such Confidential Information was made to treat such information as later designated, but no sanctions shall be imposed upon a Party for any disclosure of the later designated Confidential Information made prior to the Party's receiving written notification of the later designation of the information or documents as Confidential Information.

6.  <u>Restrictions on Disclosure of Confidential Information</u>.  All
Confidential Information, and any notes, work papers, summaries, or other
documents prepared from such Confidential Information, shall be used by the
receiving Party solely in connection with the Litigation and shall not be
disclosed by the receiving Party other than as follows:

A.  To any person or entity who authored, received, or is
mentioned in the Confidential Information;

B.  The Court and its employees ("Court Personnel")

C.  Trial Counsel for the Parties, including necessary secretarial,
clerical and paralegal personnel assisting with the Litigation;

D.  The Parties and any designated representative for the parties
provided that:

(a)  such disclosure is necessary to assist in the
prosecution or defense of the Litigation; and

(b)  prior to disclosing any such Confidential
Information to any such employee of the Parties or any
affiliated entity of any Party, that person or entity execute an
agreement in writing stating that he/she has read this
Protective Order and agrees to be bound by its provisions.

An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

E.     In-house counsel employed by a Party or a Party's affiliated entity, and employees of such in the legal department acting under the supervision of in-house counsel provided however, that:

(a)     such disclosure is necessary to assist in the prosecution or defense of the Litigation; and

(b)     prior to disclosing any such Confidential Information to any such employee of the legal department, that person execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provision.   An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

F.     Outside consultants and experts, and their staff, retained by any Party for the purpose of assisting in the preparation of this Litigation, whether as a testifying expert or a non-testifying consultant (collectively "Experts") if, prior to disclosing any Confidential Information to any such Expert, that Expert execute an agreement in writing stating that he/she has

read this Protective Order and agrees to be bound by its provisions. An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

G.      Any fact witness, provided that prior to disclosing any such Confidential Information they execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provision. An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference. If any non-party witness refuses to sign the agreement to be bound, any Party may make a motion to the court to restrict that non-signing party from receiving such documentation. With respect to non-party witnesses or potential non-party witnesses, Confidential Information relating to the identity of individual borrower or personal and financial information of an individual borrower subject to protection shall be redacted prior to disclosing it to the non-party witness or potential non-party witness. This additional restriction shall not apply a non-party witness or potential non-party witness' own documents, materials and/or information, or documents, materials and/or information relating to that non-party witness or potential non-party witness.

H.    Court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like.

I.    A Covered Person's own Confidential Information may be used by that Covered Person, without reservation.

7.    <u>Disclosure Agreements</u>.  The attorneys of record for the receiving Party shall retain the original, executed <u>Exhibit A</u> agreements that have been executed by those to whom disclosure has been made.

8.    <u>Procedure for Challenging Designations</u>.  A party may object to the designation by giving written notice to the party designating the disputed information within 30 days of its receipt of such information.  If a reasonable amount of additional time is necessary for a party to review the designations made by the designating party, a party may request from the designating party an additional amount of time to conduct such a review, which request shall not be unreasonably withheld.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to

STIPULATED PROTECTIVE ORDER
9

the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall retain its designation under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not be thereafter treated as such in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating information shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

9.    Sanctions.  Any Covered Person who violates this Protective Order may be subject to all sanctions as provided by federal procedural rules and the case law construing same, including monetary fines or penalties and/or a finding of civil contempt.

10.    Filings with Court.  Whenever Confidential Information is used in, included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript, or other filing with the Court ("Pleadings"), the party filing such Pleadings with the Court shall present to the judge a written application and proposed order to file the Pleadings under seal, as set forth in Local Rule 79-5.1.  Said application shall include a copy of this stipulated protective order and a statement that the Pleadings sought to be filed under seal contain Confidential Information that must be filed under seal.  All procedures

set forth in Local Rule 79-5 relating to confidential court records shall be followed by the parties.

11.   <u>Depositions, Hearings, and Trial</u>.  No person may refuse to answer any question at a deposition, hearing, or trial on the sole ground that the questions require the person to reveal Confidential Information.  The deposition, hearing, or trial will proceed upon the following basis, subject to the discretion of the judge presiding over the hearing or trial:  prior to answering the question or questions, all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the any Party, all persons not authorized to receive the Confidential Information under this Protective Order shall leave the room during the time in which the Confidential Information is disclosed or discussed.   Nothing contained in this Protective Order shall preclude the use of Protective Information at a deposition, in a hearing, or at trial, including any appeal of the Litigation.

12.   <u>Inadvertent Disclosure of Confidential Information</u>.  If a Covered Person, inadvertently discloses any Confidential Information to a person in contravention of this Protective Order, the Covered Person shall provide immediate written notice of the disclosure to the person or entity whose Confidential Information was inadvertently disclosed.  Similarly, in the event a Party has knowledge that Protective Information is being used or possessed by a

I:\CIVIL\AURORA LOAN SERVICES\MEGA CAPITAL\(42045)\PLD\STIPULATED PROTECTIVE ORDER.V2.DOC

person or entity in contravention of this Protective Order, regardless of how the Confidential Information was disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the person or entity whose Protective Information is being used or possessed and to counsel for the Parties. In the event of any inadvertent disclosure or unauthorized use or possession of Protective Information, the Parties shall cooperate and make reasonable efforts to retrieve such Confidential Information and/or to obtain the agreement of the person to whom such inadvertent or unauthorized disclosure was made to be bound by the terms of this Protective Order.

13. <u>Inadvertent Disclosure of Privileged Information.</u>   Nothing contained in this Protective Order shall affect in any manner, any claim of privilege or work product protections, or any other privilege or immunity. Inadvertent production of documents or information otherwise subject to the attorney-client or other privilege or work product immunity shall not constitute a waiver of any such privilege or immunity. Upon written notification that a document or information has been inadvertently produced and that a claim of privilege or work product will be made with regard to such document or information, the Party receiving such notice shall refrain from using said document or information in any manner or form, including specifically, but not

exclusively, use during discovery, review with witnesses, at a hearing or trial, or any other disclosure or review whatsoever, and promptly return to the producing person or entity the erroneously produced documents or information, unless otherwise ordered by the Court.

14.   <u>Agency or Court Subpoena</u>.  If another court or administrative or governmental agency subpoenas or orders production of Confidential Information, which a Covered Person has obtained under the terms of this Protective Order, such Covered Person shall promptly notify the attorney for the producing Covered Person, or the Covered Person, if he/she is not represented, of the pendency of such subpoena or order, subject to the protections otherwise afforded to such subpoena or order by law.

15.   <u>Use of Confidential Information At Trial</u>.  This SPO shall not affect or govern the use or admissibility of Confidential Information at trial.  Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions in limine and/or objections.

16.   <u>Modification.</u>  Any Covered Person may apply for modification of this Protective Order, including relief from the terms of this Protective Order, modification of its terms, or the imposition of additional protections, upon

reasonable notice to the Parties and after the Covered Party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification. This Protective Order or any stipulation therefore shall not be deemed a waiver by any Covered Person of its right to object to any discovery on any of the grounds provided by the Federal Rules of Civil Procedure and the case law construing same. The entry of this Protective Order shall not create any presumption that any Confidential Information designated as such by a Covered Person is in fact Protective Information, and this Protective Order is without prejudice to the right of any Covered Person to seek from the Court a release from the terms of this Protective Order any Confidential Information. Moreover, neither this Protective Order nor any stipulation therefore shall be deemed to expand the scope of discovery in the Litigation beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Litigation.

17.  <u>Use of Documents in Covered Party's Possession</u>. Notwithstanding anything in this Protective Order to the contrary, the provisions of this Protective Order shall not prohibit the use by any Covered Party of any Confidential Information that is currently in the Covered Party's lawful possess, custody or control, or that later comes into the possession of the Covered Party from others

lawfully in possession of such Confidential Information who are not parties to the Litigation or otherwise bound by this Protective Order.

18.   <u>Conclusion of Litigation</u>.   Upon the request of a Covered Party following the final disposition of the Litigation, including all appeals therefrom, or the final disposition of the Litigation against any one or more of the Parties, the remaining Covered Parties, including their Experts, shall destroy all Confidential Information, and certify to the requesting Covered Party such destruction, or return to the requesting Covered Party all Confidential Information.   Notwithstanding the foregoing, counsel for each Covered Party may retain a record of this Litigation, irrespective of whether a Covered Party's Confidential Information is included in the correspondence, pleadings, discovery, notes, research, or other files maintained by the attorney for purposes of representing his/her client in the Litigation.

19.   <u>Continuing Jurisdiction</u>.   The Court shall retain jurisdiction over the Covered Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order, and such other and further relief as may be necessary.

20.   <u>Survival</u>.   This Protective Order shall survive the final disposition of the Litigation, by judgment, dismissal, settlement, appeal, or otherwise.

I:\CIVIL\AURORA LOAN SERVICES\MEGA CAPITAL(42015)\PLDS\TIPULATED PROTECTIVE ORDER.V2.DOC

**IT IS SO STIPULATED.**

DATED: May 12, 2008

HOUSER & ALLISON
A Professional Corporation

Eric D. Houser
J. Owen Campbell
Attorneys for Plaintiff
AURORA LOAN SERVICES LLC
f/k/a AURORA LOAN
SERVICES, INC.

DATED: May 12, 2008

THOMAS J. RYU & ASSOCIATES
A Professional Corporation

Thomas J. Ryu
Yalan Zheng
Attorneys for Defendant
MEGA CAPITAL FUNDING, INC.

**GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.**

DONE AND ENTERED THIS 16th DAY OF May, 2008.

BY THE COURT:

Honorable Patrick J. Walsh
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
16

I:\CIVIL\AURORA LOAN SERVICES\MEGA CAPITAL\(42045)\PLD\STIPULATED PROTECTIVE ORDER V2.DOC

## <u>EXHIBIT A</u>

## <u>PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER</u>

I, _____ declare:

      1.   My address is _____.
My present occupation is _____.

      2.   I have received the Stipulation and Protective Order ("Protective Order") issued in <u>Aurora Loan Services LLC v. Freedom Mortgage Corporation</u>, Douglas County District Court Case No. 2007 CV 1389. I have carefully read and understand the provisions of the Protective Order.

      3.   I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent such Confidential Information is or becomes public information under the Protective Order.

4.    I will comply with Paragraph 18 of the Protective Order regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

5.    I declare under penalty of perjury that the foregoing is true and correct and that this document is executed _____, _____ at

_____.


_____
Signature


_____
Print Name